NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| PETER SECIVANOVIC, | : | |
| | : | |
| Petitioner | : | Civ. No. 06-2640 (GEB) |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| GARY S. JACOBSON, *et al.*, | : | |
| | : | |
| Respondents. | : | |

**BROWN, Chief Judge**

This matter comes before the Court upon *pro se* petitioner Peter Secivanovic's ("Petitioner") motion for stay pending appeal and motion for leave to appeal the June 1, 2006 Order of the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court"), which denied Petitioner's motion to reconsider the Bankruptcy Court's prior ruling on an Order to Show Cause.  This Court, exercising jurisdiction pursuant to 28 U.S.C. § 158(a), and having considered the parties' submissions and decided the motions without oral argument, and for the reasons set forth in this Memorandum Opinion, will deny Petitioner's motions.

## I.  BACKGROUND

On March 10, 2006, the Bankruptcy Court entered an Order to Show Cause with respect to this case's underlying bankruptcy action to the end of entering an order fixing the date for the filing of final reports, removing the Chapter 7 Trustee, and closing the case.  On April 24, 2006, the Bankruptcy Court entered an Opinion from the bench stating that the Order to Show Cause was entered in an attempt to get the Trustee's administration of the case wrapped up and granted

Trustee ninety days to submit the final report.

Following a hearing on May 30, 2006, the Bankruptcy Court then entered an Order on June 1, 2006, denying Petitioner's motion for reconsideration of the Order fixing the date for the final report.  On June 13, 2006, Petitioner filed the instant motions for stay pending appeal and for leave to appeal the June 1, 2006 Order of the Bankruptcy Court.

## II. DISCUSSION

### A. Standard of Review for Bankruptcy Appeals

Bankruptcy Rule 8013 provides that the district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings.  Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous . . . ."  Fed. R. Bankr. P. 8013.  A factual finding is clearly erroneous only where "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  In re Cellnet Data Sys., Inc., 327 F.3d 242, 244 (3d Cir. 2003)(quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).  A bankruptcy court's conclusions of law, on the other hand, are reviewed *de novo*.  Id.  Where mixed questions of law and fact are presented, the appropriate standard must be applied to each component of the appeal.  Id.

### B. Petitioner Failed to Make a Stay Application Before the Bankruptcy Court

The Bankruptcy Court's determination that Petitioner did not meet the standards for reconsideration is a question of law.  Accordingly, the Bankruptcy Court's holding will be reviewed *de novo*.  The Third Circuit has adopted the Supreme Court's reasoning in Hilton v.

2

Braunskill, 481 U.S. 770 (1987), and stated that the standard governing stays of civil judgments requires the court to weigh:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Republic of the Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 658 (3d Cir. 1991).  This is the same standard applied to applications for preliminary injunctions.  See Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 90-91 (3d Cir. 1992).  The burden of proof is on the party seeking the preliminary injunction, id. at 90, and therefore the burden of proof in this instance is on Petitioner.  That burden must be met "*by a clear showing.*"  Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)(citation omitted).

The Federal Rules of Bankruptcy Procedure require that

> A motion for a stay of the judgment, order, or decree of a bankruptcy judge, . . . must ordinarily be presented to the bankruptcy judge in the first instance.
> 
> ***
> 
> A motion for such relief, . . . may be made to the district court . . . but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge.

Fed. R. Bankr. P. 8005.  Rule 8005 patently requires that Appellant show why the Bankruptcy Court did not grant the requested stay.  Another district court has held that a party failing to indicate the reasons for a bankruptcy judge's denial of a motion to stay has "failed to make the necessary showing for the Court to enter a stay" pursuant to Rule 8005.  In re Duncan, 107 B.R. 758, 759 (W.D. Okla. 1988).  Here, Petitioner has failed to even note the four elements necessary for the grant of a preliminary injunction or demonstrate why the stay was not obtained from the

3

Bankruptcy Court.

Given Petitioner's burden of proving the elements necessary for a preliminary injunction by clear and convincing evidence in order for this Court to issue the requested stay and Petitioner's subsequent failure to prove any of the four elements by a clear showing, in addition to his failure to adhere to Rule 8005, Petitioner's motion for a stay pending appeal is denied.

C.   Petitioner Failed to Demonstrate a Rationale for Granting Leave to Appeal

As Respondent/Trustee Gary S. Jacobson ("Respondent") notes, Petitioner failed to establish any grounds for the Court to grant his motion for leave to appeal.  Instead, Petitioner merely copied what appears to be the language from Respondent's brief setting forth authority with respect to interlocutory appeals from the Bankruptcy Court.  (See Pet.'s Br. at 15; Resp.'s Br. at 3.)

Analogizing to the statutory authority for appellate jurisdiction over interlocutory appeals from the district courts, see Sterling Supply Corp. v. Mullinax, 154 B.R. 660, 662 (E.D. Pa.1993), an interlocutory appeal from an order of the Bankruptcy Court may be permitted where "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ."  28 U.S.C. § 1292(b).

Petitioner otherwise made no attempt to demonstrate why leave to appeal should be granted and having failed to do so, Petitioner's motion must be denied.  Furthermore, given that the Bankruptcy Court's initial issuance of the Order to Show Cause was administrative in nature, attempting to close the long pending case with no recent activity, there would be no grounds for appeal of the Bankruptcy Court's Order under Section 1292(b) because the ultimate termination

4

of the litigation is in fact materially advanced by the Bankruptcy Court's Order and impeded by

Petitioner's motion.

**III.  CONCLUSION**

       For the reasons discussed above, Petitioner's motion for stay pending appeal and motion

for leave to appeal are denied.  An appropriate form of order is filed herewith.

Dated: August 15, 2006

                                                       s/ Garrett E. Brown, Jr.
                                            GARRETT E. BROWN, JR., U.S.D.J.